## LUBRIC OIL CO. v. DRAWE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Chamberlin, Marty & Fuller, Cleveland, for Oil Co.

Day & Day, Cleveland, for Drawe.

### 465. ERROR PROCEEDINGS.

Question of weight of evidence, determined on motion for new trial, not subject of inquiry in error proceedings.

### 475. ESTOPPEL—923 Pleadings.

1. Estoppel by conduct must include misrepresentation or willful concealment of facts, knowingly made to one ignorant of them, for purpose of inducing other party to act, and other party must have been so induced.

2. Applies only to parties and privies.

3. Elements of estoppel must appear with respect to pleading as well as evidence.

4. Answer held not to plead principle of estoppel.

5. Misrepresentations and concealment, relating to conversation between plaintiff and representative of certain company, cannot raise estoppel as to another company, notwithstanding companies were, practically speaking, one and the same.

### 771. MISCONDUCT.

1. Must be gross in order to constitute "professional misbehavior."

(Continued on Page 406)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

### JUNE 21, 1928

21234—Woman's Relief Corps v. Memorial Bldg. & Ln. Co.; motion for Cuyahoga Appeals to certify. Turney & Sipe, Cleveland, for plaintiff; Boyd, Cannon, Brooks & Wickham, Cleveland, for defendant.

21235—Teaff v. Barclay, Extr; motion for Jefferson Appeals to certify. Carl H. Smith, and Chas. A. Vail, Steubenville, for plaintiff; Ralph B. Cohen, Steubenville, for defendant.

21236—Bradfield et v. Central Acceptance Corp.; motion for Columbiana Appeals to certify. Foulks & Stevenson, East Liverpool, for plaintiff; Mackall & Thompson, East Liverpool, for defendant.

21237—Berger v. State; motion for Hamilton Appeals to certify. Slattery & Dunlap, Cincinnati, for plaintiff; Chas. P. Taft, II, Cincinnati, for defendant.

### JUNE 22, 1928

21238—Van Filburg et v. Martin et; motion for Ashland Appeals to certify. Howard Gongwer, Ashland, C. H. Henkel, Mansfield, for plaintiffs; A. S. Mabee, Mansfield, for defendants.

21239—Poltis et v. Switinski; motion for Cuyahoga Appeals to certify. McCarron & Rosenbaum, Cleveland, for plaintiffs; T. J. Herbert, Cleveland, for defendants.

21240—Lemnayon v. Newcomb et; motion for Mercer Appeals to certify. J. F. Raudebaugh, Celina, for plaintiff; Younger & Younger, Celina, for defendants.

### JUNE 25, 1928

21241—Bailey Co. v. Kooczko; motion for Cuyahoga Appeals to certify. Walter D. Meals, Cleveland, for plaintiff; Hart & Fuerst, Cleveland, for defendant.

21242—Chance v. Mueller, Admr., etc.; motion for Butler Appeals to certify. C. W. Elliott, for plaintiff; C. D. Boyd and Carl J. Mueller, Middletown, for defendant.

21243—Akron Scrap Iron Co. v. Guardian Sav. & Tr. Co.; motion for Cuyahoga Appeals to certify. John Cline, Harry G. Fuerst, Cleveland, for plaintiff; Squire, Sanders & Dempsey, Cleveland, for defendant.

21244—Wynn v. Wynn; motion for Lorain Appeals to certify. F. M. Stevens, C. J. Maple, Baird, Vandermark & Butler, Elyria, for plaintiff.

21245—A. B. Smith Piano Co. v. First Tr. & Sav. Bk.; motion for Summit Appeals to certify; Chalmers M. Hamill, Akron, for plaintiff; Slabaugh, Siberling, Huber & Gunther, Akron, for defendant.

21246—In re sale of the church building for Copp's Chapel Methodist Episcopal Church of Tenter Township, Mercer County, Ohio. Motion for Mercer Appeals to certify. I. F. Randebaugh, Celina, for plaintiff; Young & Young, Celina, for defendant.

21247—Schweitzer v. Dewitt; motion for Stark Appeals to certify. Gnau & Miller for plaintiff; Lynch, Day, Fimple, Pontius & Lynch, Canton, for defendant.

21248—Scott v. Lease et; motion for Van Wert Appeals to certify. Kusworm & Shannon, Dayton, for plaintiff; Stickle & Cessna and H. D. Lease, Roy W. Roof, Kenton, for defendants.

### JUNE 26, 1928.

21249—Miller v. State; motion for leave to file petition in error to the Hamilton Appeals. Chas. H. Elston, H. H. Sunderman, Cincinnati, for plaintiff; Chas. P. Taft, II, and Cornelius J. Pelzhold, Cincinnati, for defendant.

---

(Continued from Page 408)

Lorain Co. Comm. v. State ex Finegold. (See reverse.) OS. 21134, 6 Abs. 283; MCO. 341.

Louisv. & N. Rd. Co. v. Greene, Admr. OA. 6 Abs. 406; OS. No. 20607, 5 Abs. 418, 701, 765; Dis. 6 Abs. 173; 26 Oh. Ap. 284★; 160 NE. 495.

Lubric Oil Co. v. Drawe. OA. 6 Abs. 404; OS. No. 20781, 5 Abs. 685; MCO. 823; 160 NE. 93 (OA.).

Maslek v. Penn. Rd. Co. (S. R.) OA. 6 Abs. 407; 160 NE. 523.

Miller v. State. OS. No. 21249, 6 Abs. 405.

Mueller, Admr. v. Chance (S. R.) OA. 5 Abs. 479; OS. No. 20270, 5 Abs. 59, MCO. 107.

Penn. Rd. Co. v. Maslek (S. R.). OA. 5 Abs. 530; OS. No. 20545, 5 Abs. 344, 653; Aff. 6 Abs. 221.

Poltis et v. Switinski. OS. No. 21239, 6 Abs. 405.

Potts v. Park Inv. Co. OA. 6 Abs. 403; 161 NE. 40.

Rohlf v. Great Am. Mut. Ind. Co. et. OA. 6 Abs. 404; OS. No. 20826, 5 Abs. 781; MCO. 6 Abs. 13; 161 NE. 232.

Scharff v. Levine. OA. 6 Abs. 397.

Scott v. Lease et. OS. No. 21248, 6 Abs. 405.

Schneider et v. Old Northw. Mortg. Co. OA. 6 Abs. 397.

Schweitzer v. DeWitt (S. R.). OS. No. 21247, 6 Abs. 405.

Seal v. Stock Yards Bank (S. R.). OS. No. 20845, 5 Abs. 797; MCO. 6 Abs. 141.

A. B. Smith Piano Co. v. 1st Tr. & Sav. Bk. OS. No. 21245, 6 Abs. 405.

State ex Finegold v. Lorain Co. Comm. (S. R.). OA. 6 Abs. 399.

State ex Pulskamp v. Mercer Co. Comm. OA. 6 Abs. 396.

Stockyards Bank v. Seal. (S. R.). OA. 6 Abs. 404; 27 Oh. Ap. 179★; 161 NE. 35.

Teaff v. Barclay, Extr. OS. No. 21235, 6 Abs. 405.

Van Filburg et v. Martin et. OS. No. 21238, 6 Abs. 405.

Woman's Relief Corps No. 167, etc., v. Memorial Bldg. & L. OS. No. 21234, 6 Abs. 405.

Wynn v. Wynn. OS. No. 21244, 6 Abs. 405.

Youngstown Taxicab Co. v. Rymer. OA. 6 Abs. 395.

(Continued from Page 404)

2. Allowing argument of counsel, in which he was alleged to have undertaken to distort evidence, held not prejudicial under circumstances of this case.

**SULLIVAN, PJ.**

1. Where argument that verdict was manifestly against weight of evidence was unsuccessfully urged by appellant on motion for new trial, question of weight of evidence not subject of inquiry in proceeding in error subsequently prosecuted.

2. In order to constitute estoppel by conduct there must be misrepresentation of facts or willful concealment of them, made with knowledge of facts to one ignorant of them with intention of having such other party act on them, and such party must have been thus induced to act (citing Words and Phrases, Second Series, "Estoppel in Pais.")

3. Estoppel applies only to parties and privies, and does not extend to stranger to transaction.

4. Where controlling question in case relates to estoppel, court will look to pleadings to determine whether constituent elements of estoppel appear there, since such elements must appear with respect to pleading as well as evidence.

5. Answer alleging that plaintiff assisted in preparing schedule of assets and liabilities of answering defendant at time of sale of its stock without including any claim for services rendered in negotiation of such sale, and that plaintiff was thereby estopped from asserting any claim against such answering defendant, held not to plead principle of estoppel.

6. Misrepresentations and concealment relating to conversation between plaintiff and representatives of certain company cannot raise estoppel as to another company, notwithstanding that first company purchased stock or assets of second, and that at time of conversation companies were, practically speaking, one and the same, since legally speaking, they were separate and distinct legal entities.

7. Misconduct of counsel must be gross, in order to constitute "professional misbehavior."

8. Allowing argument of counsel in which he was alleged to have undertaken to distort evidence held not prejudicial, in view of presumptions that jury heard and remembered positive testimony relating to issue, which was as to who wrote certain minutes of board of directors of company.

(Vickery, and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.